# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON WILLIAMS, JR., | Case No. 1:22-cv-00032-AWI-BAM |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, et al., | (Doc. 1) |
| Defendants. | **THIRTY-DAY DEADLINE** |

Plaintiff Clifton Williams, Jr. ("Plaintiff"), a county jail inmate proceeding pro se and *in forma pauperis*, initiated this civil rights action on January 7, 2022. Plaintiff's complaint is currently before the Court for screening. (Doc. 1.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the Stanislaus County Public Safety Center. He brings suit against The People of the State of California, the County of Stanislaus District Attorney's Office, District Attorney P. Hogan, and the Public Defender's Office for claims of legal malpractice, misuse of the law, violation of the Eighth Amendment to the United States Constitution, intentional and negligent infliction of emotional distress, excessive bail, financial loss and ineffective assistance of counsel. (*See generally* Doc. 1, Compl.)

Plaintiff alleges that he was given an illegal sentence on July 8, 2019, due to a prior conviction on January 22, 2019, for violation of California Penal Code § 245(a)(1) in Case No. CR-18-007894. (Compl. at 2.) Plaintiff was led to believe by the Public Defender's Office and the District Attorney's Office that even with the prior conviction he was eligible for an AB 109 1170 executed sentence of a term of imprisonment in the county jail for 2 years and 2 years of mandatory supervision—a term of 4 years total in Case No. CR-19-006076. (*Id.*)

On June 6, 2020, Plaintiff was released from custody in Case No. CR-19-006076 and placed on mandatory supervision. (*Id.*) He remained violation free until September 24, 2021.

On September 24, 2021, Plaintiff was taken into custody "for 496d(a)" with bail set at $150,000, due to Penal Code 1203.2. Plaintiff claims this was also the reason for a "no bail" hold. (*Id.* at 3.) While in custody, Plaintiff was re-booked and arraigned in two additional cases: (1) Case No. CR-21-009331, with bail set at $150,000; and (2) Case No. CR-21-010177, with bail set at $100,000. Plaintiff alleges that these cases have kept him in custody on an excessive bond of $400,000, plus a no bail hold Penal Code 1203.2 probation violation. Plaintiff brought this to Judge Reeves' attention on November 17, 2021, and to the attention of District Attorney P. Hogan. (*Id.* at 3.)

On November 17, 2021, Plaintiff had a Penal Code 1203.2 hearing. Plaintiff would not admit guilt to the probation violation. Plaintiff claims that because Defendant Hogan confused Judge Reeves, Defendant Hogan allowed Judge Reeves to find Plaintiff guilty and sentence Plaintiff to the remainder of his mandatory supervision in custody (272 days) rather than re-sentencing Plaintiff. Plaintiff holds Defendant Hogan responsible for this mistake made by the Stanislaus County District Attorney's Office and for refusing to correct the mistake. (*Id.* at 5.) Plaintiff claims that the mistake was brought to Defendant Hogan's attention through a letter sent by Plaintiff to District Attorney Birgit Fladger, along with Plaintiff's claim and complaints filed with the Stanislaus County Board of Supervisors. (*Id.*)

Plaintiff asserts that he been in custody since September 24, 2021, on a no bail hold and will not be released until February 5, 2022. Plaintiff contends that his bail is still excessive.

Plaintiff further alleges that Defendant Hogan claims Plaintiff is not eligible to be sentenced to a term of imprisonment in the county jail on executed sentence, because Plaintiff was convicted of a serious felony, assault with a deadly weapon, on January 22, 2019. (*Id.* at 6.) Plaintiff questions why he is now ineligible for an executed sentence. Plaintiff asserts that by law his sentence would need to be corrected. (*Id.* at 7.) Plaintiff suggests that if his sentence had been corrected, then he would never have been held on a no bail hold and excessive bond. (*Id.* at 8.) Although not entirely clear, Plaintiff seems to suggest that he should have been resentenced to one year local time and two years mandatory supervision, which with good time work time credit, would have removed him from mandatory supervision for time served with a remainder of 93

days credit of $125.00 per day. (*Id.* at 8.)

As relief, Plaintiff seeks damages in the amount of $200,000 and that the Court grant him "a release on an 'OR.'" (*Id.* at 9.) Plaintiff also requests that Defendant Hogan be relieved as the prosecuting attorney in his cases. (*Id.* at 12.)

### III. Discussion

#### A. *Younger* Abstention

Although not entirely clear, Plaintiff may be attempting to challenge ongoing criminal proceedings in Stanislaus County. However, any such claim is barred under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine "prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court." *Jones v. Buckman*, No. 2:18-cv-0054-EFB P, 2019 WL 1227921, at *2 (E.D. Cal. Mar. 15, 2019). "Further, the Younger abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution." *Id.*, citing *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir.1986).

#### B. *Heck* Bar

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

///

Plaintiff's damages action is premised on allegations that he was given an illegal sentence and Defendant Hogan failed to correct any errors, resulting in Plaintiff's custody and no bail hold. Plaintiff's allegations expressly implicate the validity of one or more of his convictions. However, a § 1983 action for damages will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Heck*, 512 U.S. at 481–482. Plaintiff may not pursue § 1983 damages for his claims until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487.

### C.  Habeas Corpus

To the extent that Plaintiff is attempting to challenge the validity of his conviction, the duration of conviction, or his incarceration, the exclusive method for asserting that challenge is by filing a petition for writ of habeas corpus. As stated above, state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action, and their sole remedy lies in habeas corpus relief. *Wilkinson*, 544 U.S. at 78 ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

### D.  Section 1983 – Linkage Requirement

The Civil Rights Act under which this action presumptively was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

5

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, with the exception of Defendant Hogan, Plaintiff fails to link any other defendant to any alleged wrongful conduct. In order to state a claim for relief under section 1983, plaintiff must link each defendant with some affirmative act or omission demonstrating a violation of Plaintiff's federal rights.

### E. Prosecutorial Immunity

To the extent Plaintiff is attempting to bring suit against Defendant Hogan, he may not do so. "A state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an 'advocate for the State' and his actions are 'intimately associated with the judicial phase of the criminal process.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 912 (9th Cir.2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."). Therefore, Defendant Hogan would be entitled to prosecutorial immunity for actions associated with Plaintiff's criminal prosecution.

Further, Plaintiff also brings suit against the District Attorney's Office itself, but he does not make any allegations specifically against the Office. To the extent Plaintiff intends to hold the Office responsible for Defendant Hogan's conduct as a prosecutor, he cannot do so. "There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

### F. Public Defender's Office

Plaintiff is advised that a public defender's office is not a proper defendant in a section 1983 action. *See Ellawendy v. Ferrera*, No. 20-CV-07757-LHK, 2021 WL 3921360, at *2 (N.D. Cal. Aug. 17, 2021), appeal dismissed, No. 21-16431, 2021 WL 5627086 (9th Cir. Oct. 14, 2021); *Taylor v. Solano Cnty. Pub. Def.'s Off.*, No. 2:20-cv-02114-JDP (PC), 2020 WL 7695607, at *1 (E.D. Cal. Dec. 28, 2020); *Frizzell v. Aheart*, No. 2:11-CV-0341-KJN P, 2011 WL 573804, at *1 (E.D. Cal. Feb. 14, 2011) (concluding Shasta County Public Defender's office not a proper

defendant in section 1983 action).  Further, "Plaintiff's court-appointed attorney cannot be sued under § 1983." *Cummins v. Off. of the Pub. Def. for Shasta Cty.*, No. 2:15-CV-0135-WBS-EFB, 2015 WL 5330411, at *2 (E.D. Cal. Sept. 10, 2015), citing *Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981).

### G.  State Law Claims

Although unclear, it appears Plaintiff is attempting to pursue state law claims in this action. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court declines to screen Plaintiff's state law claims.

### IV.  Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief under section 1983 and seeks monetary relief from a defendant who is immune from such relief.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

"buckshot" complaints).

    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

    Based on the foregoing, it is HEREBY ORDERED that:

    1.    The Clerk's Office shall send Plaintiff a complaint form;

    2.    Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

    3.    If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

    Dated: **June 13, 2022**        /s/ Barbara A. McAuliffe
                                                        UNITED STATES MAGISTRATE JUDGE