# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON WILLIAMS, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE PEOPLE OF THE STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No.  1:22-cv-00032-AWI-BAM <br><br> FINDINGS AND RECOMMENDATIONS THAT THE FEDERAL CLAIMS BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND THE COURT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS <br><br> (Doc. 7) |

Plaintiff Clifton Williams, Jr. ("Plaintiff"), a county jail inmate proceeding pro se and *in forma pauperis*, initiated this civil rights action on January 7, 2022.  On June 13, 2022, the Court screened Plaintiff's complaint and granted him leave to amend.  (Doc. 6.)  Plaintiff's first amended complaint, filed on July 8, 2022, is currently before the Court for screening.  (Doc. 7.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Mos*s, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the Stanislaus County Public Safety Center.  He names the following defendants in his first amended complaint: (1) Sweena Pannu, Public Defender; (2) Birgit Fladager, District Attorney; (3) Patrick Hogan, Deputy District Attorney; (4) Dawna Frenchie Reeves, Superior Court Judge; and (5) Shawn D. Bessey, Superior Court Judge.  (Doc. 7 at 2-4.)

Plaintiff generally contends that the trial court imposed a "defective, invalid, illegal and unauthorized sentence and probation."  (*Id.* at 6.) Plaintiff alleges:  On July 8, 2019, he was represented by a Public Defender from the Stanislaus County Public Defender's Office, Defendant Sweena Pannu.  Plaintiff claims that Defendant Pannu did not provide him effective assistance of counsel or adequate representation.  Defendant Pannu said that Plaintiff was given an offer from Birgit Fladager's District Attorney's Office for four (4) years split sentence to be served in the local county jail.  Plaintiff later discovered at a probation hearing that the sentence

1  and probation was defective, invalid, illegal, and unauthorized because of a prior conviction that
2  made him ineligible for the sentence and probation. (*Id.* at 7.) Plaintiff's attorney "did not advise
3  him not to accept the offer but allowed [him] to plead to this unauthorized order," offered by the
4  District Attorney's Office and imposed by the trial court. (*Id.* at 8.)

5  Plaintiff further alleges that the trial court imposed "a defective, invalid, illegal and
6  unauthorized sentence and order of probation," a 4-year split sentence, 2 years in custody local
7  jail term and 2 years on mandatory supervision.   (*Id.*) Plaintiff claims that this sentence and
8  order of probation was moot on February 5, 2022. Plaintiff contends that the trial court had from
9  July 8, 2019, to February 5, 2022, to correct the error, but failed to do so even when it was
10 brought to the trial court's attention on November 17, 2021, at a hearing in Judge Reeves'
11 courtroom with Defendant Hogan as the prosecutor in Case No. CR-19-006076.  Plaintiff alleges
12 that the trial court failed to correct the error and on November 17, 2021, Judge Reeves proceeded
13 to sentence Plaintiff to the remainder of the unauthorized order of probation for 272 days in
14 custody. Plaintiff was on a no bail hold from September 24, 2021, until November 17, 2021.

15 Plaintiff reasserts that the unauthorized sentence and order of probation became moot on
16 February 5, 2022. Plaintiff claims that even if it is moot, the unauthorized order of probation still
17 haunts him and has made bail in his pending cases and charges excessive in the amount of
18 $450,000.  In Plaintiff's current cases, the trial court and Defendant Hogan allegedly are using the
19 unauthorized order of probation as a means to justify probable cause. He asserts that this has led
20 to unlawful and illegal searches and seizures.

21 Plaintiff argues that his cognizable claim for relief under Section 1983 is that his due
22 process rights and his right to effective assistance of counsel were violated by the trial court. His
23 right to bail and to have a reasonable bail also has been taken from him due to the error made by
24 the trial court. Plaintiff alleges that the trial court has continued to deprive him of his equal
25 rights. He avers that since he has been in custody since September 24, 2021, on a no bail hold, he
26 has suffered financial loss to his business and lost his place of business. He seeks $100,000 for
27 the loss or his business revenue over the last nine months. He also seeks damages in the amount
28 of $100,000 for the deprivation of his equal rights and due process and violations of his Fourth,

Sixth and Eighth Amendment rights. Plaintiff also cites absence of probable cause, misuse of the law and legal law malpractice. (*Id.* at 14.)

### III. Discussion

#### A. *Younger* Abstention

Although not entirely clear, Plaintiff may be attempting to challenge ongoing criminal proceedings in Stanislaus County. However, as Plaintiff was previously informed, any such claim is barred under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine "prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court." *Jones v. Buckman*, No. 2:18-cv-0054-EFB P, 2019 WL 1227921, at *2 (E.D. Cal. Mar. 15, 2019). "Further, the *Younger* abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution." *Id.*, citing *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir.1986).

#### B. *Heck* Bar

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81; *Heck v. Humphrey*, 512 U.S. 477, 482, 486–87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82.

Plaintiff's damages action is premised on allegations that he was given an illegal sentence and Defendants Reeves and Hogan failed to correct any errors, resulting in Plaintiff's custody and no bail hold. Plaintiff's allegations expressly implicate the validity of one or more of his

1  convictions. However, a § 1983 action for damages will not lie where "establishing the basis for
2  the damages claim necessarily demonstrates the invalidity of the conviction." *Heck*, 512 U.S. at
3  481–482. Plaintiff may not pursue § 1983 damages for his claims until Plaintiff can prove "that
4  the conviction or sentence has been reversed on direct appeal, expunged by executive order,
5  declared invalid by a state tribunal authorized to make such determination, or called into question
6  by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. Despite being provided with
7  this information, Plaintiff has been unable to cure this deficiency.

### C. Habeas Corpus

To the extent that Plaintiff is attempting to challenge the validity of his conviction, the duration of conviction, or his incarceration, the exclusive method for asserting that challenge is by filing a petition for writ of habeas corpus. As stated above, state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action, and their sole remedy lies in habeas corpus relief. *Wilkinson*, 544 U.S. at 78 ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

### D. Judicial Immunity

Plaintiff attempts to bring suit against Superior Court Judges Reeves and Bessey. However, judges "are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Id.* Rather, this immunity is lost only when the judge "acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Id.* Judges retain their immunity even when they are accused of acting maliciously or corruptly, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, *see Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999).

### E. Prosecutorial Immunity

To the extent Plaintiff brings suit against District Attorney Birgit Fladager and Deputy

District Attorney Hogan, he may not do so.  As Plaintiff previously informed, **"[**a] state prosecuting attorney enjoys absolute immunity from liability under § 1983 for his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an 'advocate for the State' and his actions are 'intimately associated with the judicial phase of the criminal process.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 912 (9th Cir.2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."). Defendants Fladager and Hogan would be entitled to prosecutorial immunity for their actions associated with Plaintiff's criminal prosecution.   To the extent Plaintiff intends to hold the District Attorney's Office responsible for the conduct of Defendant Fladager or Hogan as prosecutors, he cannot do so. "There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

### F.  Public Defender

As Plaintiff was previously advised, "Plaintiff's court-appointed attorney cannot be sued under § 1983." *Cummins v. Off. of the Pub. Def. for Shasta Cty.*, No. 2:15-CV-0135-WBS-EFB, 2015 WL 5330411, at *2 (E.D. Cal. Sept. 10, 2015), citing *Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981).

### G.  State Law Claims

Although unclear, it appears Plaintiff is attempting to pursue state law claims in this action. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, it is

recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claims and that those claims be dismissed without prejudice.

### IV.     Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable claim for relief under section 1983 and seeks monetary relief from defendants who are immune from such relief Despite being provided with relevant legal standards and being granted an opportunity to amend his complaint, Plaintiff has been unable to cure the deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's federal claims be dismissed with prejudice for failure to state a cognizable claim under section 1983 and for seeking monetary relief from defendants who are immune from such relief;

2. The Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and Plaintiff's purported state law claims be dismissed without prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 13, 2022**                    /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE